**Wayne HECKATHORN, Appellant,**

**v.**

**Charles TATE et ux., Appellees.**

**No. 7140.**

Court of Civil Appeals of Texas.

Amarillo.

March 19, 1962.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a personal injury damage suit based upon an automobile collision. Mrs. Benda Tate on July 23, 1960, while backing her car, struck the parked pickup in which Mrs. Heckathorn was sitting. Mr. Heckathorn brought this suit against Mr. and Mrs. Tate for damages. The case was submitted to a jury on acts of negligence on the part of Mrs. Tate and the question of whether or not Mrs. Heckathorn suffered any personal injuries as a direct and proximate result of the collision in question, and the amount of damages sustained if she was injured.

The jury found in answer to Special Issue No. 2 that Mrs. Heckathorn did not sustain any personal injuries as a direct and proximate result of the collision in question. The jury further found in response to other issues submitted that Mrs. Tate failed to keep a proper lookout for vehicles parked on the lot at the time and place in question, and that such failure was a proximate cause of the collision in question. Based upon the findings of the jury that Mrs. Heckathorn did not sustain any personal injuries, the trial court rendered judgment that the plaintiff take nothing. The plaintiff perfected this appeal and has brought forth only one point of error.

By appellant's only point of error, it is contended the trial court erred in overruling plaintiff's motion for a new trial when the verdict showed beyond question that the answer to the special issue submitted as to injury was based solely on bias and prejudice and not supported by any evidence or alternatively insufficient evidence. At the time here in question, Mrs. Tate was backing out from the grocery store, misjudged her distance, and backed into the pickup in which Mrs. Heckathorn was seated. Mrs. Heckathorn testified that she heard the racket and that she blacked out just a few minutes and fell across her little boy and when she came to the boy was leaning up in the other corner and her little girl said: "Mama is dead." Mrs. Tate testified as soon as she heard the noise that she had hit the pickup she walked over to the pickup right quick and asked Mrs. Heckathorn if she was hurt, and she said she was not hurt. Mrs. Heckathorn testified she did tell Mrs. Tate she was not hurt. Mrs. Heckathorn's reason for telling her she was not hurt was because she felt sorry for Mrs. Tate because she was so upset. Dr. Powell, who treated Mrs. Heckathorn, testified that pain is a subjective symptom and he was treating her for what he thought was an injury but that he made X-rays but the X-rays showed no sign of injuries at all. It is to be noticed that Mrs. Heckathorn stated she heard the racket and blacked out and Mrs. Tate testified she heard the noise and went to see if Mrs. Heckathorn was hurt. Neither one testified they felt a jar from the collision. The medical history of Mrs. Heckathorn covering several years previous to the collision was introduced showing the condition of Mrs. Heckathorn. The pickup showed scarcely any damage.

It is a well established rule of law that an appellate court cannot substitute its judgment for that of a jury on disputed issues of fact. Linney v. Wood, 66 Tex. 22, 17 S.W. 244; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Holmes v. American General Ins. Co., Tex.Civ.App.,

263 S.W.2d 615; Roach v. Continental Casualty Company, Tex.Civ.App., 336 S.W. 2d 811; Brewer v. Dallas Ry. & Terminal Co., Tex.Civ.App., 247 S.W.2d 435; Flack et al. v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628.

It was in the province of the jury to disregard Mrs. Heckathorn's testimony as an interested party. It is apparent the jury did so. After carefully reviewing the record and all of the evidence, we are of the opinion that the verdict is supported by the evidence and overrule appellant's assignment of error. Judgment of the trial court is affirmed.