Deborah SMITH, by Next Friend,
Rube Smith, Appellant,

v.

SAFEWAY STORES, INC., Appellee.

No. 381.

Court of Civil Appeals of Texas.

Tyler.

Oct. 10, 1968.

Rehearing Denied Nov. 7, 1968.

Miller & Ginn, Hugh M. Miller, Houston, for appellant.

Ramey, Brelsford, Flock, Devereux & Hutchins, Tracy Crawford and Mike Hatchell, Tyler, for appellee.

MOORE, Justice.

Appellant, Deborah Smith, a minor, acting by and through her next friend, Rube Smith, brought suit against Safeway Stores, Inc. for damages for personal injuries allegedly received by her when a stack of milk crates allegedly fell against her while shopping in appellee's store.

The cause was submitted to a jury. In response to Special Issue No. 1, inquiring as to whether or not appellant sustained bodily injuries as a result of being struck by the milk crates, the jury answered "We do not." Since all subsequent issues were conditioned upon an affirma-

tive finding to Special Issue No. 1, the jury did not answer any of the remaining issues. Based upon the jury's findings to Special Issue No. 1, the trial court entered a take-nothing judgment against the appellant, from which she has perfected this appeal.

Appellant attacks the judgment by three points of error asserting: (1) that there is no evidence, or (2) that the evidence is insufficient to support the jury's finding on Special Issue No. 1, and (3) that the verdict and the judgment are against the overwhelming weight and preponderance of the evidence.

A brief review of the evidence shows that on the occasion in question, Deborah Smith, age 14, was in the company of her mother and younger brother while shopping in appellee's store. When Deborah was standing near a stack of milk crates which had been stacked upon a "dolly" cart, the six-foot stack of crates suddenly fell over against Deborah, striking her on the shoulders and back. According to her testimony, the force of the impact knocked her against her younger brother, but did not cause her to fall against the floor or any other hard substance. There is no evidence of any lacerations or bruises. She testified that immediately after the impact, she felt a sharp pain in her stomach and told her mother about the pain but could not remember whether or not she made any complaint to the employees of the store or the store manager when questioned about whether or not she was injured. The store manager and employees of the store testified that appellant told them that she was not injured. After the accident, Deborah and her mother continued with their grocery shopping and then went home. On the following day she testified that she commenced having pain in her back, and that her back continued to bother her. Approximately a week and a half later, her mother took her to Dr. Don Jackson. After seeing Dr. Jackson, she saw six other doctors. Three of these doctors testified at the trial. Dr.

Mathis testified that he had seen Deborah on numerous occasions and because of complaints of pain in her back, had placed her in the hospital on two separate occasions. He testified that he found some soreness in the pre-sacral area of the back. Dr. Thomas, a chiropractor, testified that he had treated Deborah for complaints of soreness in the back and had found some tenderness in the muscles of her back and that his x-ray examination showed a left deviation of the lumbar spine. Dr. P. M. DeCharles testified that he had examined Deborah twice. On the first examination he testified that he found some spasms in the muscles of the lower back on rotation and abduction, but on a subsequent examination, he was unable to find any back pathology and that in his opinion her back was perfectly normal.

Neither doctor expressed any opinion as to whether or not her condition was caused by traumatic injury to the back.

■ The question of whether or not appellant received an injury became a controverted issue of fact by appellee's general denial. Proof of injury was therefore essential to appellant's cause of action. Consequently, appellant had the burden of securing a favorable finding upon such issue. Texas & Pacific Railway Company v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528. As stated, the jury answered the question in the negative.

A negative answer to the issue, when properly interpreted, amounts to nothing more than a failure or a refusal by the jury to find from a preponderance of the evidence that appellant sustained an injury and means, in law, that appellant failed to discharge the burden of proving the fact. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, (Tex.Sup., 1966). It does not mean that the jury found that she did not sustain an injury. It simply means that the jury was not persuaded by a preponderance of the evidence.

■ In situations such as this where a jury returns a negative answer to an is-

sue upon which the proponent has the burden of proof, the jury's negative answer need not be supported by affirmative evidence. Therefore, it avails the complaining party nothing to assert that a negative answer is without support in the evidence or is not supported by factually sufficient evidence. Under these circumstances, the complaining party is placed in the position of having to contend that the evidence establishes an injury as a matter of law. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review, 361, 363, (1960). Appellant makes no such contention here. Therefore, we believe we would be entitled to disregard appellant's first two points of error because neither point contains any complaint subject to review.

Nevertheless, since we are required to review all of the evidence in the record because of appellant's third point of error, we have examined the record from the standpoint of whether an injury was established as a matter of law. We have concluded that it was not.

■ The evidence shows that appellant's cause of action rests mainly upon complaints of pain and suffering. Matters of pain and suffering are necessarily speculative, and it is peculiarly within the province of the jury to resolve these matters. Harbuck v. Ramos, 371 S.W.2d 912, (Tex.Civ.App., n. w. h.); Heckathorn v. Tate, 355 S.W.2d 845, (Tex.Civ.App., n. w. h.).

■ Furthermore, the only evidence showing that the milk crates actually struck the appellant was the testimony of Deborah Smith and her mother. Thus, the producing cause of her alleged injury was made to rest upon the testimony of the interested parties. This being true, their testimony created an additional fact issue for the jury upon the question of causation. P. T. Whitlock Gas & Oil, Inc. v. Brooks, 396 S.W.2d 922, (Tex.Civ.App., n. w. h.).

■ As we view the record, appellant's evidence created nothing more than a fact question upon the issue of injury. Consequently, we do not believe that it can be said that injury was established as a matter of law. Nor do we believe that the jury's finding upon the issue of injury is so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

The judgment of the trial court is affirmed.