J. S. SKELLY, dba J. S. Skelly Fuel Co., Appellant,

v.

George KING, Appellee.

No. 7940.

Court of Civil Appeals of Texas, Amarillo.

May 4, 1970.

Rehearing Denied June 8, 1970.

Underwood, Wilson, Sutton, Heare & Berry, and R. A. Wilson, Amarillo, for appellant.

Gordon, Gordon & Buzzard, and Ross N. Buzzard, Pampa, for appellee.

JOY, Justice.

This case is on remand from the Supreme Court for action upon additional points within the exclusive jurisdiction of this court. The facts are adequately stated in the opinion of this court in 443 S.W.2d 953, and the opinion of the Supreme Court in 452 S.W.2d 691, therefore, we shall not repeat them here.

Appellant, hereinafter designated Skelly, assigned as its point of error No. 9 the excessiveness of the judgment in the trial court. In reviewing the evidence relative to damages we find the testimony of plaintiff King that welders make from $14,000.00 to $17,000.00 per year. The medical testimony generally indicates that King's physical condition would not improve and that he would be unable to perform the work as a welder. Further, his condition would not improve in the future and in probability would worsen. King's age was given as 45 with a life expectancy of 27.81 years. Taking into consideration King's physical condition and loss of future earnings as a result of his condition, we do not find that the verdict of $55,000.-00 is excessive and appellant's point 9 is overruled.

Skelly's assigned points 12 and 14 are insufficient evidence points in reference to improper lookout and proximate cause as found against the driver of the gasoline truck in collision with King's automobile. We have examined all the evidence as we are required to do and will not burden this opinion with quotations of evidence. We find there is sufficient evidence to sustain the jury's findings in answer to both issues and overrule both points.

In accordance with the action of the Supreme Court on other points we affirm the judgment of the trial court.

Affirmed.

DENTON, C. J., not participating.