Carroll W. (Dub) WHITTENBURG, Appellant,

v.

Lucille Quinby BUNTING, Appellee.

No. 5432.

Court of Civil Appeals of Texas, Waco.

July 3, 1975.

Beard & Kultgen, Charles B. McGregor, Waco, for appellant.

Naman, Howell, Smith & Chase, George Chase and Roy L. Barrett, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Whittenburg from a take-nothing judgment against defendant Bunting, in a rear-end collision case.

Plaintiff sued defendant alleging plaintiff's vehicle was stopped in front of a red traffic signal on Waco Drive in Waco, Texas, on October 7, 1971, at 1:10 P.M. waiting for the signal to change, when defendant's vehicle struck plaintiff's vehicle in the rear causing damages. Plaintiff prayed for $145.50 medical expenses (plus expense to be incurred in the future); $37.50 medication expenses (plus those to be incurred in the future); $38.37 automobile repairs; plus physical pain and suffering past and future; all damages aggregating $25,000.

Trial was to a jury pertinent of which findings are summarized as follows:

1) Defendant failed to keep such lookout as a person using ordinary care would have kept.

2) Such failure was a proximate cause of the occurrence.

5) Defendant failed to make such application of her brakes as a person using ordinary care would have made.

6) Such failure was a proximate cause of the occurrence.

9) "What sum of money * * * would fairly and reasonably compensate (plaintiff) for his injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?" You may consider the following elements of damages, if any, and none other:

a) Past physical pain and mental anguish.

b) Physical pain and mental anguish which, in reasonable probability, he will suffer in the future.

c) Loss of earnings in the past.

d) Probable future loss of earnings.

e) Reasonable and necessary medical expenses for treatment of injuries resulting from the occurrence.

f) Reasonable and necessary expenses if any, for future medical or chiropractic care for treatment of injuries resulting from the occurrence.

Answer in dollars and cents, if any. *Answer: $0.00.*

The trial court rendered judgment on such verdict that plaintiff take nothing.

Plaintiff appeals on 3 points contending:

1) The finding plaintiff suffered $0.00 damages as a result of the collision is supported by no evidence.

2) The finding plaintiff suffered $0.00 damages as a result of the collision is against the overwhelming weight of the evidence.

3) The trial court erred in refusing plaintiff's offer of evidence that his wife had been employed subsequent to the accident, in rebuttal of evidence that plaintiff's appearance subsequent to the accident tended to show he had not been damaged.

Plaintiff testified as follows: He was 27 years old, married, had two children, was in the insurance business; that on Thursday, October 7, 1971, at 1 P.M. he stopped at the red light at the intersection of Waco Drive and New Road in Waco; that defendant hit him from the rear knocking his 1971 Volkswagon six feet forward; that the damage to his car was very minor; that it consisted of a dent in the bumper ¼ inch by ½ inch, and a bent forward steering wheel; that he either paid for fixing his car or was not charged for same; after the accident he had a headache and numbness in his back and shoulders; after two hours the muscles in his neck and shoulders began to stiffen; that he did not consult a doctor until the following Sunday when he saw Dr. R. W. Covington, an orthopedist, at church, and told him he was in pain and had stiffness; Dr. Covington made an appointment for plaintiff for the following Thursday when he examined him, took X-rays, and prescribed a muscle relaxant and pain killer; a physical therapist in Dr. Covington's office applied massage and heat packs to plaintiff's shoulders and neck; he went to Dr. Covington four times and to the therapist some 15 times; plaintiff met Dr. G. W. Ferris, an osteopath, through his brother, an insurance client, at the brother's cabinet shop in Killeen; that in December 1971, he told Dr. Ferris about being in a collision and of his symptoms; that Dr. Ferris examined him and prescribed muscle relaxants and pain medicine; that Dr. Ferris saw him 18 times in Killeen, the airport, Austin and Smithville; that Dr. Ferris did not charge him for his services and gave plaintiff the prescribed medicine in the form of professional samples; that neither Dr. Covington nor Dr. Ferris were able to significantly help plaintiff as far as permanent relief; that before the accident plaintiff was healthy and able to play golf, tennis and water ski; that since the accident his back and shoulders hurt and that it hurts him to play golf, tennis, water ski or drive a car; that he had been highly successful in the insurance business; and has had substantial increase in income since the collision.

Plaintiff further testified he had two prior automobile accidents which badly damaged his cars, but in which he received no personal injuries; that two weeks prior to trial on October 14, 1974, he went to Dr. Bill Williams, a chiropractor, and had seen him several times.

Dr. Ferris by deposition testified he is an osteopath; that he knows plaintiff who handles his brother's insurance; that he examined plaintiff and found "acute cervicodorsal strain which has become chronic", that a strain is a tearing of ligaments from their attachments; that he treated plaintiff with hot packs, muscle relaxant and pain medicine; that plaintiff will continue to suffer pain.

Dr. Williams testified he is a chiropractor; that he examined plaintiff on October 14, 1974, and X-rayed his neck and upper back; that he had seen plaintiff ten times; that he diagnosed a "traumatic proliferated fibrositis of right cervical dorsal region", which is an inflamatory condition of the muscles of the neck and upper dorsal; that plaintiff's case is severe; that he does not

think he can restore plaintiff to the way he was before he had his problem; that plaintiff will need chiropractic treatments for six months at a cost of $1500.

No medical bills or bills for vehicle damage were properly proved up or admitted into evidence.

Plaintiff's contentions 1 and 2 assert the jury's finding of $0.00 damage is supported by no evidence and is against the overwhelming weight of the evidence.

The jury found plaintiff suffered $0.00 damages for his "injuries, if any, which you have found from a preponderance of the evidence resulted from the occurrence".

Since there was no evidence plaintiff suffered or will suffer loss of earnings, and no medical bills were proved up, plaintiff's cause of action rests largely on past and future pain and suffering and future medical bills, "resulting from the occurrence".

The jury heard the testimony of plaintiff, and the other witnesses, observed their demeanor and conduct on the witness stand, and having weighed the testimony returned their findings. The credibility of witnesses, and the weight to be given their testimony are questions for the jury. This is especially true with respect to testimony of parties or other persons interested in the litigation. Matters of pain and suffering past and future are necessarily speculative, and it was peculiarly within the province of the jury to resolve these matters. *Harbuck v. Ramos,* CCA, NWH, Tex.Civ.App., 371 S.W.2d 912; *Royal v. Cameron,* CCA, NRE, 382 S.W.2d 335; *Hulsey v. Drake,* CCA, NRE, Tex.Civ.App., 457 S.W.2d 453; *Allen v. Riedel,* CCA, NWH, Tex.Civ.App., 425 S.W.2d 665; *Smith v. Safeway Stores, Inc.,* CCA, NRE, Tex.Civ.App., 433 S.W.2d 217.

The damage to plaintiff's automobile was very slight; plaintiff did not consult a doctor for three days, and then only by talking to him at church; such doctor who thereafter saw plaintiff four times was not called to testify; Dr. Ferris whom plaintiff consulted four months after the collision saw plaintiff at airports, a cabinet shop and other places, furnished professional samples of medicine to plaintiff, and made no charge; no medical bills were in evidence; Dr. Williams the chiropractor saw plaintiff three years after the collision and 2 weeks before trial; and plaintiff had been in 2 prior collisions.

The burden of proof was upon plaintiff to secure findings upon the damage issue by a preponderance of the evidence. From the record we cannot say the jury could not have believed: plaintiff suffered no injury resulting from the collision on October 7, 1971; or that plaintiff's problems resulted from one or both of his previous collisions; or that plaintiff failed to carry his burden of proving injury and damage resulting from the October 7, 1971, collision by a preponderance of the evidence.

And from the record as a whole we cannot say that the finding plaintiff suffered $0.00 damage as a result of the October 7, 1971, occurrence is against the great weight and preponderance of the evidence. *In re King's Estate,* Tex.S.Ct., 244 S.W.2d 660.

Plaintiff's 3rd point complains of the exclusion of evidence that plaintiff's wife was working and earning $12,000. per year. If error, the matter is harmless under the record as a whole. Rule 434 Texas Rules of Civil Procedure.

Plaintiff's points are overruled.

Affirmed.