**Kenneth W. BERNER and wife, Nancy M. Berner, Appellants,**

v.

**Henry M. FERRIS, Jr. and William W. Wood, Appellees.**

No. 8675.

Court of Civil Appeals of Texas, Amarillo.

June 14, 1976.

Merchant & Barfield (J. Jerry Merchant), Amarillo, for appellants.

Underwood, Wilson, Sutton, Berry Stein & Johnson (J. A. Besselman), Amarillo, for appellees.

ROBINSON, Justice.

Plaintiffs Kenneth W. Berner and Nancy M. Berner sued for damages for personal injuries which they alleged were sustained when the Chevrolet station wagon occupied by the Berners was struck from the rear by a Volkswagen driven by defendant Henry M. Ferris, Jr. Judgment on the verdict was entered for defendants. Plaintiffs appeal contending that the jury findings that Mr. Berner suffered no damage for past pain and suffering or past loss of earnings and that Mrs. Berner suffered no damage for past pain and suffering are against the great weight and preponderance of the evidence. Affirmed.

The collision occurred near Glen Rio in Oldham County, Texas, on Thursday, September 6, 1973, when the Berners were en route to their home on a farm near East Moline, Illinois. The front end of the Volkswagen was caved in and the frame in front of the wheels damaged. The tailgate on the Berner station wagon was damaged. There was no evidence of any visible injury to either of the Berners. The only evidence concerning any personal injuries and resulting damage to the Berners was the testimony of the plaintiffs, Mr. and Mrs. Berner.

The sole question before us is whether, in view of the undisputed testimony of the Berners concerning their personal injuries, the jury findings of no damage are against the great weight and preponderance of the evidence.

Mrs. Berner testified that she did not have any problem at the scene with her neck and that she did not want to go to the hospital because she thought that she was all right, but that her husband insisted that she go. She testified that she was given a shot at an Amarillo hospital and pills which she took that night, and on the trip back to

Illinois. She testified that she had trouble with her neck for a week or two weeks, but not thereafter.

Mr. Berner testified that Mrs. Berner complained of neck injuries immediately after the accident; that he took Mrs. Berner to the hospital in Amarillo to be checked; that he did not seek or receive treatment himself; that they spent Thursday night in a motel in Amarillo; that they then drove to Illinois; that he took some of the pills prescribed for Mrs. Berner on the trip home; that his neck injuries did not show up until he got back to his farm home on Saturday. He testified that Saturday night he became feverish and suffered headaches. He said that he developed pain in his shoulders and neck which caused him to lose 29 weeks of work at his job at International Harvester. He did not seek lighter work, but did what work he could on his farm. He testified to various treatments by two Illinois physicians. Mrs. Berner's testimony corroborates Berner's testimony concerning his injuries.

The rule regarding interested party testimony was stated by our Supreme Court in *Gevinson v. Manhattan Construction Company of Oklahoma*, 449 S.W.2d 458, 467 (Tex.1969), as follows:

> The general rule is that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of fact. This rule is not without exception, however, and conclusive effect may be given to the testimony of an interested witness provided the testimony is clear, direct and positive and there are no circumstances tending to discredit or impeach the same. There is an added reason for recognizing the exception when the opposite party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so. On the other hand the basis for recognizing an exception is weakened somewhat when the testimony is such that it could not readily be contradicted if untrue.

And in *James T. Taylor and Son, Inc. v. Arlington Independent School District*, 160 Tex. 617, 335 S.W.2d 371, 376 (1960), the Court said:

> * * * it seems settled that when testimony comes from an interested party and is of such a nature that it cannot be readily contradicted if untrue, an issue relating to the credibility of the witness is presented.

Applying the foregoing rule and after considering all of the evidence, we are of the opinion that the jury answers finding no damage are not so against the great weight and preponderance of the evidence as to be manifestly unjust. See *Whittenburg v. Bunting*, 525 S.W.2d 914 (Tex.Civ. App.—Waco 1975, no writ); *Heckathorn v. Tate*, 355 S.W.2d 845 (Tex.Civ.App.—Amarillo 1962, no writ).

The judgment of the trial court is affirmed.