NO. 07-02-0322-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 5, 2004



______________________________




H. V. DAVIS, APPELLANT



V.



FEDERAL LAND BANK OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B-29425-9709; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On July 22, 2002, a copy of a Notice of Appeal from a Judgment in Cause No. B-29425-9709 in the 242nd District Court of Hale County, Texas, was filed with the clerk of
this court. The Judgment was signed on April 19, 2002. 

 On August 21, 2002, the trial court clerk's record was filed with the clerk of this
court. On August 18, 2003, the reporter's record was filed with the clerk of this court. 

 By letter dated December 11, 2003, counsel for appellant was advised that
appellant's brief had not been filed and that unless a motion for extension of time to file the
brief was received within ten days, the appeal would be subject to dismissal. No response
has been received to the letter of December 11, 2003. Neither appellant's brief nor a
motion to extend time for filing the brief have been filed. 

 This appeal is dismissed. Tex. R. App. P. 38.8(a)(1). Costs are taxed to appellant. 
Tex. R. App. P. 43.4.


 Per Curiam










 of ordinary
prudence under the same or similar circumstances.


 Let's put yourself in Sylvia's place. Sylvia is making the left-hand
turn. Sylvia . . .


 Lanehart: Your Honor, I am going to object to putting or placing the jury in the
Plaintiffs' shoes. That is an improper argument.


 Court: Sustained. Reword it a little bit, Mr. Nelson.


 Nelson: Well, you put yourself in the parties' place. You put yourself in his
place, and you put yourself in Sylvia's place, and you put yourself
behind Sylvia's wheel of her car.


 Lanehart: Same objection, Your Honor.


 Court: I am going to overrule. I will let him make the argument.


 Nelson: Ordinary care means that degree of care used by a person or
ordinary prudence under the same or similar circumstances. Let's put
yourself in these same circumstances.


 You are coming around to make the turn. You see a green arrow.


 Lanehart: May I have a running objection to this, your Honor?


 Court: Yes, sir, you may.

 

 Nelson: The last thing you see is a green arrow, before you start your turn,
and then you look into the intersection, and you see there is nobody
in the intersection. We have all been through that intersection
before.


 And you go ahead and start your turn, and you are halfway through
your turn. And all of a sudden, you see the Plaintiffs' vehicle coming. 
You turn to the left to avoid -- hopefully to avoid this collision. When
you get to that intersection, there isn't anybody in it.


 The last thing you saw was the green light. What are you to do? You
feel as though you have every right in the world to enter that
intersection. You feel as though you have every right in the world to
complete your turn.


 Is that negligence? Is that failing to use ordinary care? I maintain
that it is not. Let's put yourself in the Plaintiffs' position. Put yourself
in John's position.


 John is driving a vehicle, the white Suburban. By his own testimony
and confirmation by his wife, they came to the intersection, going
south. They were in the middle lane of traffic. They stopped in
observance of the red light.


 Everybody that has ever driven a vehicle knows that when you stop,
in observance of a red light, you have to stay there until you can
move into the intersection without danger of causing a wreck. And
that puts on us a burden that we have got to watch where we are
going before we start up again. That puts a burden on us before we
start up.


 And if we take his testimony at its word, that '[i]t was a green light,
and I started up,' we have an obligation as a careful driver, as an
ordinary prudent driver, to watch where we are going an [sic].


 And it is undisputed where his head was turned when he pulled out
in that intersection. It is undisputed that he was turned to the right,
and he was talking to his wife. His wife confirms that they were
talking. He confirms that they were talking.


 There is no doubt that when he pulled out, he was looking this way,
and there is no doubt that he had an obligation to be watching where
he was going, to be paying attention. Had he been watching where
he was going, what could he have done?


 He could have exercised ordinary care and stopped or not gone out,
to begin with. And if that had been the case, Ms. Espinoza would
have been able to finish her turn, there would have been no accident,
and we wouldn't be here today.


 Ordinary care is judged by what other people would do in the same
or similar circumstances. Let's take the lady that was to John's right
. . . . The testimony that you have heard about what she did is very
telling.


 If the light turned green for John, then it turned green for her. Did she
pull out into the intersection? Did she have a wreck? No. Did she
pull out in the intersection? No.


 And the reason she didn't, certainly a logical inference from the
evidence is that she saw Sylvia, and because she saw them [sic] in
the intersection making the turn, she didn't pull out.


 What would an ordinary prudent person have done in the same or
similar circumstances? They would have stopped until the
intersection cleared. Is there negligence? Yes. The negligence is on
the Plaintiff, not the Defendant . . . . 


(Emphasis added).

Discussion


 Rule of procedure obligates counsel to confine his argument "strictly to the evidence
and to the arguments of opposing counsel." Tex. R. Civ. Proc. 269(e). This does not
mean that same must be sterile or nondescript. The opposite is quite true for great latitude
is allowed him in discussing the facts and issues. Ramirez v. Acker, 138 S.W.2d 1054,
1055 (Tex. 1940). For instance, he may discuss the "environments" or circumstances of
the case, the reasonableness or unreasonableness of the evidence, and the probative
effect (or lack thereof) of the evidence. Id. So too does he have the leeway to "present
his case as to make the law contained in the charge applicable to the facts of the case." 
Deviney v. McLendon, 496 S.W.2d 161, 166 (Tex. Civ. App.--Beaumont 1973, writ ref'd.
n.r.e.). This leeway also includes the opportunity to encourage the jury to weigh, evaluate,
and test the evidence before it. Gorman v. Life Ins. Co., 859 S.W.2d 382, 389 (Tex. App.--Houston [1st Dist.] 1993, no writ). And, whether counsel's argument exceeded these
expansive boundaries is a decision lying within the discretion of the trial court. Mandril v.
Kasishke, 620 S.W.2d 238, 247 (Tex. Civ. App.--Amarillo 1981, writ ref'd. n.r.e. ). As long
as the decision comports with guiding rules and principles, we must uphold it. 

 Here, Sanchez contends that Espinoza's attorney exceeded the bounds of propriety
when he invited the jurors to put themselves in the place of his client when determining
liability. Admittedly, courts have held as improper argument that asks the jury to stand in
the shoes of a party. See e.g., Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478,
481-82 (Tex. 1943); World Wide Tire Co. v. Brown, 644 S.W.2d 144, 145-46 (Tex. App.--Houston [14th Dist.] 1982, writ ref'd. n.r.e.). This is so because the jurors are being asked
to consider the case from an improper viewpoint, Fambrough v. Wagley, 169 S.W.2d at
482, that is, from the perspective of an interested party as opposed to a neutral fact-finder. 
Moreover, if one were to focus simply upon the suggestion at bar that the jurors place
themselves in the position of Espinoza, there may be a problem. 

 Yet, the trial court was not entitled to isolate the comment from its context. Rather,
it must be analyzed in light of the entire argument. Williams v. State, 826 S.W.2d 783,
785-86 (Tex. App.--Houston [14th Dist.] 1992, pet ref'd). In other words, one looks at the
context of the utterances to determine their propriety. Id. And, the context at bar is most
telling. For instance, immediately before first inviting the jury to place themselves in the
shoes of Sylvia he had told them that "negligence means the failure to use ordinary care
. . . not just carelessness" and "ordinary care means that degree of care that would be
used by a person of ordinary prudence under the same or similar circumstances." 
(Emphasis added). That is, he first told the jury that liability was dependent upon what a
reasonable person would have done under the same circumstances and then he invited
the jurors to place themselves within the car to experience those all important
circumstances. That this is what he intended is exemplified by 1) his stating "[l]et's put
yourself in these same circumstances," 2) then describing for the jury those circumstances
as they unfolded, and then 3) asking "[i]s that negligence" and "[i]s that failing to use
ordinary care?" 

 The same is true when he later urged the jury to "[p]ut yourself in John's position,"
that is, the position of the driver of the other vehicle. After describing the circumstances
encountered by John and the obligations imposed on an ordinary prudent person, he
opined that John's response did not evince ordinary prudence. Simply put, he was again
asking the jurors, who in his view must devine what an ordinary prudent person would have
done under the circumstances, to view those circumstances and decide whether the
response exhibited by John comported with ordinary prudence.

 In sum and when viewed in context, counsel was asking the jurors not to assess
liability as a litigant with an interest in the outcome but as a reasonable person witnessing
the events unfold. That was permissible since final argument may consist of attempt to
structure the evidence in a way "mak[ing] the law contained in the charge applicable to the
facts of the case." Deviney v. McLendon, supra. Consequently, the trial court's decision
comported with controlling authority and evinced a legitimate exercise of discretion. 

 Accordingly, we affirm the judgment.


 Brian Quinn

 Justice



Publish. 


 

1. Attorneys Nelson and Lanehart represented Espinoza and Sanchez, respectively.