Affirmed and Memorandum Opinion
filed May 12, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00295-CV



Kilgore
Mechanical, LLC and Dale Carl Dodson II, Appellants 

v.

Luz Shafiee, Appellee 



On Appeal from
the 234th District Court

Harris County, Texas

Trial Court
Cause No. 2008-05283



 

MEMORANDUM OPINION 

A jury found appellants Kilgore Mechanical, LLC
(“Kilgore”) and Dale Carl Dodson, II liable for damages arising out of a
traffic accident in which Dodson, in his company vehicle, rear-ended the
vehicle of appellee Luz Shafiee, and a judgment was entered accordingly.  In
their appeal, appellants allege that (1) the trial court erred in admitting the
expert testimony of the investigating officer on the issue of causation,
(2) the trial court erred in refusing appellants’ request for a jury
instruction regarding sudden emergency, (3) without the testimony of the
investigating officer, the evidence presented was insufficient to support the
jury’s finding of liability, and (4) the jury’s finding of liability was
against the great weight of the evidence and was manifestly unjust.  We affirm
the judgment. 

BACKGROUND

On the morning of December 10, 2007, Shafiee was
traveling in her car in the far left lane of traffic on the Sam Houston Tollway
in Houston.  While proceeding in stop-and-go traffic, Shafiee’s car was struck
in the rear by a service truck belonging to Kilgore and driven by Kilgore’s
employee, Dodson.  Officer B. M. Dugas responded to the site of the accident. 
Dugas determined that Dodson was at fault but did not cite him for a traffic
violation.  Shafiee later filed suit alleging that Dodson’s negligence was the
proximate cause of her injuries.  

In a pre-trial motion, appellants challenged Dugas’s
qualifications to testify as an expert as to the cause of the accident.  Shafiee
responsed that she was offering Dugas as either an expert or lay witness.  In
the deposition excerpts attached to the motions, Dugas stated that she had been
an officer with the Houston Police Department for fourteen years, had undergone
ongoing accident training as a patrol officer, and had responded to about
thirty accidents per year as a patrol officer.  During a pre-trial hearing, the
trial court examined the parties’ proposed excerpts of Dugas’s deposition for
admission before the jury, admitting much of her deposition, but excluding
portions of it.  

At trial, Dodson alleged that while he was driving
behind Shafiee in the left lane in stop-and-go traffic, he attempted to change
lanes into a center lane.  According to Dodson, he was three-quarters of the
way into the center lane when an 18-wheeler started moving into the lane and
forced him back into the left lane where he could not slow in time to avoid a
collision with Shafiee’s vehicle, which was stopped at the time.  Dodson
claimed that he had not seen the 18-wheeler two lanes over before he decided to
change lanes because he “was just paying attention to the lane that was right
next to [him].”  He had verified that the lane next to him was clear before he
started to move over.  On cross-examination, Dodson admitted that he did not
honk his horn to get the attention of the driver of the 18-wheeler, did not try
to swerve onto the shoulder of the roadway, and did not attempt to adjust his
speed and remain in the center lane to avoid the accident.  He tried to avoid a
collision with Shafiee’s vehicle by applying his brakes but admitted that no
skid marks were left by his tires.  Shafiee testified she never saw Dodson’s
truck approaching and only felt the impact of the collision.  She further
stated that she did not hear any brakes slamming or skidding before the
accident.  

The jury also heard much of the recorded deposition
testimony of Officer Dugas, the responding officer at the site of the
accident.  Dugas testified as to the contents of the accident report she
completed, which listed Dodson as the driver at fault.  She determined Dodson
was going too fast and was not able to stop in time to avoid rear-ending
Shafiee’s car.  

At the conclusion of the evidence, appellants
requested that the jury be given a “sudden emergency” instruction based on the
evidence presented.[1]
 Appellants argued that Dodson acted prudently in response to the sudden
emergency he confronted when an 18-wheeler unexpectedly moved into the lane he
was entering.  The trial judge denied appellants’ request for the instruction. 


The jury found the appellants liable for Shafiee’s
injuries.  The jury concluded that Dodson was negligent, that his negligence proximately
caused the accident, and that Dodson was acting within the course and scope of
his employment.  Based on these findings, the jury found damages in favor of
Shafiee.  This appeal timely followed.  

ANALYSIS

A.        Admissibility
of Officer Dugas’s Testimony

The appellants first assert that the trial court
erred by admitting the testimony of Officer Dugas regarding the ultimate issue
of causation.  Appellants argue that Dugas was not qualified to provide such an
expert opinion and that her testimony should not be considered reliable.[2]  For these
reasons, appellants also challenge the admission of those parts of Dugas’s
accident report which relate to causation and fault. 

We review a trial court’s ruling on an evidentiary
matter under an abuse-of-discretion standard.  Owens-Corning Fiberglas Corp.
v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  A trial court abuses its
discretion when it rules without regard for any guiding rules or principles.  Id. 
We must uphold the trial court’s evidentiary ruling if there is any legitimate
basis for the ruling.  Id.  

Some courts have concluded that an officer may offer
a non-expert opinion as to causation where his or her testimony is rationally
based on the officer’s own perceptions at the scene of the accident and where
the testimony aids the trier of fact in determining a fact in issue.  See Tex.
R. Evid. 701; Brown v. State, 303 S.W.3d 310, 320-21 (Tex. App.—Tyler
2009, pet. ref’d) (investigating officer’s testimony as to how wreck occurred
was admissible where officer was not trained in accident reconstruction but was
trained to investigate accidents and based his opinions on his observations at
the scene of the wreck).  Indeed, while police officers often qualify as expert
witnesses in traffic collision cases, this qualification does not preclude them
from also giving lay opinions where such opinions meet the requirements of Rule
701.  See Carter v. Steere Tank Lines, Inc., 835 S.W.2d 176, 182
(Tex. App.—Amarillo 1992, writ denied).  

In this case, Dugas was offered as both an expert
witness and as a lay witness with personal knowledge.  Thus, the trial court
may have permitted Dugas to testify as a lay witness.  Appellants did not
challenge the admissibility of Dugas’s testimony as a lay witness until they
filed their reply brief, even though, at trial, Shafiee explicitly offered
Dugas’s testimony as both an expert and a lay witness.  We need not consider
issues raised for the first time in a reply brief.  See Tex. R. App. P.
38.3; see also Anderson Producing Inc. v. Koch Oil Co., 929 S.W.2d 416,
424 (Tex. 1996) (court declined to consider issue first raised in reply
brief).  Under these circumstances, we cannot say the trial court abused its
discretion in admitting her testimony.  See Owens-Corning Fiberglass Corp.,
972 S.W.2d at 43; Carter, 835 S.W.2d at 182.  We overrule appellants’
first issue. 

B.        Sudden-Emergency
Instruction

In their second issue, appellants assert that the
trial court erred by refusing to submit an instruction regarding sudden
emergency to the jury, thereby probably causing the rendition of an improper
judgment. 

A trial court’s decision whether to submit a
particular instruction in its charge is reviewed for an abuse of discretion.  Shupe
v. Lingafelter, 192 S.W.3d 577, 579 (Tex. 2006).  The trial court has
“great latitude and considerable discretion” to determine the necessary and
proper jury instructions, and any error regarding a requested instruction will
not be reversed unless it probably caused the rendition of an improper
judgment.  Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d 674, 676
(Tex. 1998).  When a trial court refuses to submit a requested instruction, the
relevant question on appeal is whether the requested instruction was
“reasonably necessary to enable the jury to render a proper verdict.”  Tex.
Workers’ Comp. Ins. Fund v. Mandlbauer, 34 S.W.3d 909, 912 (Tex. 2000). 

To warrant an instruction on sudden emergency, there
must be some evidence that (1) an emergency situation arose suddenly, (2) the
emergency situation arose unexpectedly, (3) the emergency situation was not
caused by the negligent act or omission of the defendant, (4) the emergency
situation required immediate action without time for deliberation, and (5) the
conduct which would constitute negligence under ordinary circumstances must
have occurred after the emergency arose without giving the person time to
deliberate.  See Oldham v. Thomas, 864 S.W.2d 121, 126 (Tex.
App.—Houston [14th Dist.] 1993), rev’d in part on other grounds, 895
S.W.2d 352 (Tex. 1995). An inferential-rebuttal instruction, such as the
sudden-emergency instruction, operates to rebut an essential element of the
plaintiff’s case by proof of other facts, advising the jury that it does not
have to place blame on the defendant if the evidence shows that conditions or
parties beyond the defendant’s control caused the accident in question.  See
Dillard v. Tex. Elec. Co-op., 157 S.W.3d 429, 432 (Tex. 2005). 

In cases involving rear-end collisions, a court’s
decision not to include a sudden-emergency instruction is justified when the
defendant’s actions prior to the emergency are negligent.  See, e.g., Thomas
v. Oldham, 895 S.W.2d 352 (Tex. 1995) (driver’s testimony that he was
traveling the posted speed when the defendant unexpectedly u-turned in front of
him did not raise a fact question sufficient to require a sudden-emergency
instruction); Priest v. Myers, 598 S.W.2d 359 (Tex. Civ. App.—Houston
[14th Dist.] 1980, no writ) (court found no evidence to warrant the submission
of a sudden-emergency instruction where the defendant was looking around to try
to change lanes and could not stop when the plaintiff’s car slowed in front of
him); Deviney v. McLendon, 496 S.W.2d 161 (Tex. Civ. App.—Beaumont 1973,
writ ref’d n.r.e.) (court found erroneous the submission of a sudden-emergency
instruction where the defendant pulled his vehicle to the left to avoid a
collision with an approaching vehicle on the right and collided with the rear
of the plaintiff’s car that had stopped). 

In this case, Dodson’s testimony revealed that his
actions prior to the emergency were negligent and contributed to the accident. 
Dodson testified that he never saw the 18-wheeler before he changed lanes
because he was paying attention only to the lane he was moving into, not the
other lanes of traffic.  He admitted that he was responsible for maintaining a
speed consistent with the traffic in both lanes of travel.  Dodson stated that
he could not stop in time to avoid hitting Shafiee, supporting the conclusion
that he failed to properly gauge his speed in Shafiee’s lane.  Dodson also
admitted that he did not honk his horn, did not try to speed up to go around
the 18-wheeler, left no skid marks while attempting to brake, and did not
attempt to pull his vehicle to the inside shoulder to avoid the collision. 
This testimony was also supported by Dugas’s report and testimony.  

In short, the evidence presented failed to raise a
factual issue sufficient to warrant the submission of the sudden-emergency
instruction.  We cannot conclude that under these facts the trial court’s
decision not to submit the requested instruction amounted to an abuse of
discretion.  Appellants’ second issue is overruled.

C.        Factual
Sufficiency of the Evidence

            In their third
and fourth issues, appellants claim that, absent the testimony of Officer
Dugas, the evidence presented at trial is factually insufficient to support the
jury’s finding as to liability.  Appellants, however, fail to cite any legal
authority in this section of their brief.  Thus, they have waived review of
these issues by failing to properly brief them.  See Tex. R. App. P.
38.1(i) (“The brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the
record.”).  Moreover, in conducting a factual sufficiency review, we examine all
the evidence and set aside the finding only if the evidence is so weak as to
make the finding clearly wrong and unjust.  See Maritime Overseas Corp. v.
Ellis, 971 S.W.2d 402, 406–07 (Tex. 1998).    

Our review of the record indicates substantial
evidence supporting the jury’s finding of liability, including Dugas’s
testimony, summarized above.  Additionally, Dodson’s own testimony indicated
that he failed to maintain a speed consistent with both lanes of traffic in
which he was traveling.  He testified about his failure to take other alternative
actions which might have avoided the accident.  Dodson also absolved Shafiee of
any responsibility for the accident.  In addition, while Dodson testified that
he applied his brakes and tried to stop, he also admitted that no skid marks
were left by his tires.  Shafiee testified that she did not hear anyone
applying their brakes or skidding before the collision.  Thus, there is
factually sufficient evidence to support the jury’s finding of liability.  For
the foregoing reasons, we overrule appellants’ third and fourth issues. 

Having overruled each
of appellants’ issues, we affirm the trial court’s judgment. 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

 









[1]
The requested instruction was taken from the pattern jury charges and reads: 

If
a person is confronted by an “emergency” arising suddenly and unexpectedly,
which was not proximately caused by any negligence on his part and which, to a
reasonable person, requires immediate action without time for deliberation, his
conduct in such an emergency is not negligence or failure to use ordinary care
if, after such emergency arises, he acts as a person of ordinary prudence would
have acted under the same or similar circumstances.

Comm. on Pattern Jury Charges,
State Bar of Tex., Texas Pattern Jury Charges:  General Negligence &
Intentional Personal Torts PJC 3.3 (2010).





[2]
Because the appellants failed to challenge the
reliability of Dugas’s testimony in the trial court, they have waived that
issue for appeal. See Tex. R. App. P. 33.1(a); Guadalupe-Blanco River
Auth. v. Kraft, 77 S.W.3d 805, 807 (Tex. 2002) (“To preserve a complaint
that an expert’s testimony is unreliable, a party must object to the testimony
before trial or when it is offered.”). Therefore, we address only the
appellants’ claim that Dugas was an unqualified witness to testify as to
causation.