STATE of Tennessee, Appellant,

v.

John O. LANDERS, Appellee.

and

STATE of Tennessee, Appellant,

v.

Lisa MALONE, Appellee.

Supreme Court of Tennessee, at Nashville.

Feb. 2, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Kevin Steiling, Asst. Atty. Gen., Nashville, for appellant.

George R. Bonds, TN Dist. Atty. Gen. Conference, Nashville, for amicus curiae.

John G. Mitchell, Jr., Murfreesboro, for appellee Landers.

David L. Raybin, Hollins, Wagster & Yarbrough, P.C., Thomas C. Binkley, Trabue, Sturdivant & DeWitt, Nashville, Mark S. Moore, Murfreesboro, for appellee Malone.

## OPINION

FONES, Justice.

This is a T.R.A.P. 9 Interlocutory Appeal. In these consolidated cases each defendant was indicted on two counts of vehicular homicide; one count was eligible for pre-trial diversion and the other was not. The issue is whether the district attorney general could validate the memorandum of understanding by dismissing the count that made defendants ineligible for pre-trial diversion. The trial judge held that diversion was unlawful and the Court of Criminal Appeals reversed. We granted further review because of our disagreement with the judgment of the intermediate court.

Defendant Landers was indicted in a two count indictment charging him with driving a vehicle into the rear end of a tractor trailer parked on the shoulder of I-24 and causing the death of his passenger, Scottie Amos. The first count charged that his actions were committed willfully, recklessly, etc., while under the influence of intoxicants. The second count charged that his actions were committed willfully, recklessly, etc., "in a manner creating a substantial risk of death or serious bodily injury to a person under circumstances manifesting extreme indifference to the value of human life ...." These two offenses were carved out of a single criminal act proscribed in T.C.A. § 39–2–231(a) and (b).

Defendant Malone was indicted in a two count indictment charging her with driving a vehicle into a metal sign post adjacent to Highway 96, causing the death of a passenger, Betty Dyer. Identical with the Landers' indictment, the two counts against Malone charged vehicular homicide while under the influence of intoxicants and vehicular homicide under circumstances manifesting indifference to human life. Again, both offenses were carved out of a single criminal act.

Upon conviction of vehicular homicide while under the influence of an intoxicant, the punishment is imprisonment in the State penitentiary for a determinate sentence of one to twenty-one years, while the punishment for the lesser grade of vehicular homicide is imprisonment for not more than five years. T.C.A. § 39–2–232. One of the prerequisites for pre-trial diversion mandated in T.C.A. § 40–15–105(a) is that the maximum punishment for the offense charged must be ten years or less. Thus, a person indicted under T.C.A. § 39–2–231(a) is eligible for pre-trial diversion, but a person indicted under T.C.A. § 39–2–231(b) involving intoxication is not eligible for pre-trial diversion.

Procedurally, this Rule 9 appeal involves the efficacy of a memorandum of understanding filed and presented for approval of the trial court. A memorandum of understanding is the vehicle by which the district attorney general seeks approval of his decision to invoke pre-trial diversion. The memorandum of understanding filed in this case and presented to the trial judge asserted in each of these cases that the

maximum punishment for the crime defendant was charged with was ten years or less. The district attorney sought to cure that obviously erroneous allegation by moving the court to dismiss or retire the indictments charging vehicular homicide under intoxication in each case, so that each defendant would be eligible for pretrial diversion on the less serious vehicular count.

The trial judge held that "facts exist to support the first count in each case," refused to dismiss the intoxication count and held the memorandum of understanding to be "illegal and impermissible because punishment for the indicted offenses exceeded ten years." However, he granted the request of defendants for a Rule 9 Interlocutory Appeal, "to review the court's decision in refusing to allow the dismissal or retirement of counts one ..."

The Court of Criminal Appeals held that, "the law places equal emphasis on diversion" that it places on elimination of vehicular homicide as a result of intoxication. The intermediate court adopted the interpretation of Rule 48(a) which they concluded prevailed in the federal courts, to-wit, that the discretion by a federal prosecutor should not be disturbed by the judge, "unless clearly contrary to manifest public interest." That Court found that the trial judge had failed, "to accord proper consideration to the fact that the motion to retire the first count was made in a diversion context," and concluded that there was no showing that the dismissal of the intoxication counts was contrary to manifest public interest. We disagree.

T.C.A. § 40–15–105(b)(2) reads as follows:

> (2) The trial court shall approve the memorandum of understanding unless:
>
> (A) Prosecution has acted arbitrarily and capriciously;
>
> (B) The memorandum of understanding was obtained by fraud; or
>
> (C) The diversion of the case is unlawful.

We hold, as did the trial judge, that the diversion of these cases is unlawful because the punishment for the offense charged exceeds ten years. Each of these cases arises out of a single criminal episode and resulted in the district attorney seeking and obtaining a two count indictment of two grades of vehicular homicide, proscribed in the same statute, the more serious offense involving intoxication. The district attorney stated in open court that in each case both of the drivers and the victim passengers were intoxicated which no doubt provided the basis for the trial judge finding that facts existed to support the first count.

In *Dearborne v. State*, 575 S.W.2d 259 (Tenn.1978), we held that pre-trial diversion could not be invoked until after indictment because prior to indictment the trial judge was without jurisdiction and the matter was exclusively within the domain and discretion of the district attorney general. 575 S.W.2d at 263, 264.

The Legislature has provided pre-trial diversion for certain classes of offenders and we hold that the determination of whether a defendant is within or without the eligible class is irrevocably determined by the indictment. Prior to that time the district attorney general has the prosecutorial discretion that this Court fully discussed in *Dearborne*. However, once the indictment is returned the die is cast insofar as whether or not the offense with which defendant is charged is within the favored class. An extension of the benefits of pre-trial diversion to offenders not expressly included by the Legislature is unlawful. The indictments in these two cases were for offenses expressly excluded from the benefits of the statute.

The procedure requested by the district attorney in these cases would allow pre-trial diversion on an offense which the statute expressly sought to disallow. To allow such a procedure would thwart the express dictate of the Legislature that pre-trial diversion is not permitted for offenses carrying a potential of more than ten years in prison. T.C.A. § 40–15–105(a)(1). For a trial court to allow a district attorney to do indirectly (dismiss or retire a charge which

has the potential of carrying more than ten years imprisonment so as to allow diversion on a second charge) what the statute will not allow him to do directly would be erroneous. Thus we hold that the memorandums of understanding as to the offenses in the present case made diversion unlawful.

The dismissal requested in these cases is governed by Rule 48(a), T.R.Crim.P., which provides that "[t]he state may by leave of court file a dismissal of an indictment." Rule 48(a) is identical to Federal Rule 48(a) and we adopt the "manifest public interest" standard usually applied in the federal courts, i.e., whether dismissal of the charge is contrary to the manifest public interest. *United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975). In this cause the district attorney general's request to discontinue Count 1 of each indictment is clearly "contrary to the manifest public interest." The trial court did not abuse its discretion in refusing to grant the district attorney general's request to dismiss or retire Count 1 of the Defendant's indictments (alleging vehicular homicide as the proximate result of the Defendant's intoxication) and allowing them to be placed under a Memorandum of Understanding.

The judgment of the Court of Criminal Appeals is reversed and these cases are remanded to the trial court for further proceedings according to law. Costs are adjudged against defendants.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.