STATE of Tennessee, Appellant,

v.

Ashley Maurice BROOKS, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 16, 1997.

No Application for Permission to Appeal Filed.

---

Cheryl Skidmore, Hendersonville, for Appellee.

Charles W. Burson, Attorney General and Reporter, Karen M. Yacuzzo, Asst. Attorney General, Nashville, Ray Whitley, District Attorney General, Dee David Gay, Assistant District Attorney General, Gallatin, for Appellant.

## OPINION

RILEY, Judge.

■ This is an extraordinary appeal granted the State of Tennessee pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The state alleges the trial court erred by requiring the district attorney general to grant pre-trial diversion. We find that a Class B felony is not eligible for pre-trial diversion and reverse the judgment of the trial court.

### I

Brooks was indicted in Count 1 for the sale of cocaine under 0.5 grams (Class C felony) and in Count 2 for possession of cocaine in an amount over 0.5 grams with intent to sell or deliver (Class B felony). He applied for pre-trial diversion with the district attorney general resulting in the denial of his application. He then filed a petition for writ of certiorari which was granted by the trial court. The state's Rule 9 application for permission to appeal was denied by the trial court; however, this Court granted the state's application for a Rule 10 extraordinary appeal.

### II

■ Eligibility for pre-trial diversion is controlled by T.C.A. § 40–15–105(a). With certain exceptions, Class C, D and E felonies are eligible for pre-trial diversion. Class A and Class B felonies are not listed by the statute as being eligible offenses. Therefore, the charge against defendant in Count 2 for possessing cocaine over 0.5 grams with intent to sell or deliver is a non-eligible offense for pre-trial diversion.

### III

■ The issue of the non-eligibility of this Class B felony for pre-trial diversion was never addressed by the parties. The district attorney's denial of diversion was not based upon this factor. Neither the trial court, the state nor the defendant addressed the issue. On appeal neither party raised the issue. Nevertheless, diversion can only be granted when authorized by the statute. Diversion may not be approved where "[d]iversion of the case is unlawful." T.C.A. § 40–15–

105(b)(2)(C). Determination of whether a defendant is within or without the eligible class is irrevocably determined by the indictment. *State v. Landers*, 723 S.W.2d 950 (Tenn.1987). Any extension of benefits of pre-trial diversion to offenders not expressly included by the legislature is unlawful. *Id.* at 952. Accordingly, neither the district attorney general nor the trial court had the authority to place defendant on pre-trial diversion for this offense.

## IV

 Although Count 2 of the indictment charging the Class B felony is ineligible for pre-trial diversion, the issue remains as to whether pre-trial diversion should be granted as to Count 1 alleging the Class C felony of selling cocaine under 0.5 grams. It is at least theoretically possible to grant pre-trial diversion on one count and deny pre-trial diversion on another count. *State v. Washington*, 866 S.W.2d 950 (Tenn.1993).

Count 1 of the indictment alleging the sale of cocaine under 0.5 grams arose from a sale to an undercover agent. Upon defendant's arrest on the same date, approximately fifteen (15) packaged bags of cocaine were found on the person of the defendant along with a substantial amount of cash. Defendant had made between thirty (30) and forty (40) sales of cocaine during the week of this sale. Although he had no prior convictions, defendant had used marijuana on several occasions. Furthermore, the proof clearly showed that drug sales were rampant in this community, thereby calling for the need for general deterrence.

A trial court must review the district attorney general's denial of pre-trial diversion based upon an abuse of discretion standard which does not allow the trial court merely to substitute its judgment for that of the prosecutor. *State v. Watkins*, 607 S.W.2d 486 (Tenn.Crim.App.1980). The underlying issue for determination on appeal is whether or not, as a matter of law, the prosecutor abused his or her discretion in denying pre-trial diversion. *State v. Carr*, 861 S.W.2d 850, 856 (Tenn.Crim.App.1993). Although there are a number of favorable factors for the defendant not listed in this opinion, we must conclude the district attorney general did not abuse his discretion in denying pre-trial diversion for both offenses.

We reverse the judgment of the trial court and remand for further proceedings.

SUMMERS and BARKER, JJ., concur.