# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MAY 1998 SESSION



FILED

July 16, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9709-CC-00426 |
| Appellee, | ) | |
| | ) | SEVIER COUNTY |
| VS. | ) | |
| | ) | HON. REX HENRY OGLE, |
| RANDY LEMING, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Statutory Rape) |


**FOR THE APPELLANT:**

**JERRY K. GAYLON**
119 Court Avenue
Sevierville, TN 37862-3511

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TODD R. KELLEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**ALFRED C. SCHMUTZER, JR.**
District Attorney General

**CHARLES E. ATCHLEY, JR.**
**G. SCOTT GREEN**
Asst. District Attorneys General
125 Court Avenue, Room 301-E
Sevierville, TN 37862

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Randy Leming, was indicted by a grand jury in Sevier County on two (2) counts of statutory rape, Class E felonies. He applied for pretrial diversion, which was denied by the district attorney's office. He filed a petition for *writ of certiorari* in the trial court to review the denial of pretrial diversion. The trial court sustained the denial, and defendant subsequently pled guilty to both counts of statutory rape. The trial court sentenced defendant as a Range I, standard offender, to concurrent sentences of eighteen (18) months imprisonment for each offense. On appeal, defendant contends that the trial court erred in:

(1) sustaining the prosecutor's denial of pretrial diversion;

(2) denying judicial diversion; and

(3) imposing an excessive sentence to be served in incarceration.

We affirm the judgment of the trial court.

## FACTS

The defendant was the pastor at Shiloh Baptist Church in Sevier County. In 1991, the female victim, B.J.,[1] began attending that church on a regular basis. The defendant and the victim began developing a friendship soon thereafter. B.J. looked to defendant for spiritual guidance, and defendant often counseled her when she developed problems with family and at school. Their relationship began to escalate gradually until 1993 when they started to kiss and engage in sexual "touching." In May 1994, the victim performed oral sex on defendant while they were at a friend's trailer. In June 1994, the victim once again performed oral sex on defendant. The victim was sixteen (16) years of age at the time, while defendant was thirty-one (31) years of age.

At the time of the offenses, defendant was married and had no prior criminal

---

[1] It is the policy of this Court not to reveal the names of minor victims of sexual abuse.

2

record.  He reported no drug or alcohol problems and had an excellent reputation in the community.  In support of his application for pretrial diversion, he submitted approximately thirty (30) letters from friends and colleagues attesting to his good moral character.

In considering pretrial diversion, the prosecutor acknowledged the defendant's many positive qualities.  However, diversion was denied on the following grounds:

> (1) the defendant's conduct persisted over a long period of time, indicating a "protracted pattern of knowingly violating the law";
>
> (2) the defendant, as a pastor, abused a position of trust as the victim was a member of defendant's congregation;
>
> (3) the victim has suffered significant emotional trauma; and
>
> (4) there is a wide discrepancy between the defendant's age and the victim's age.[2]

The trial court held a hearing to determine if the prosecution abused its discretion in denying diversion.  Upon its review of the denial of pretrial diversion, the trial court focused on the abuse of trust by the pastor with a juvenile member of his congregation.  The court also noted that while the indicted offenses did not occur until 1994, the "inappropriate contact" began well before 1994.  Therefore, the trial court found no abuse of discretion and upheld the prosecutor's decision to deny pretrial diversion.

Upon the conclusion of this hearing, the trial court allowed a recess for defendant to confer with his counsel.  Upon returning to open court, the defendant then entered open pleas of guilty to both counts of statutory rape.  The trial court heard arguments from counsel concerning judicial diversion and defendant's sentences.  The trial court then denied judicial diversion and sentenced defendant to concurrent terms of eighteen (18) months imprisonment for both offenses.

---

[2] Attached as exhibits to the letter denying diversion were: (1) a letter written by a psychologist explaining the extent of the victim's emotional trauma; (2) a twenty (20) page statement written by the victim detailing her relationship with the defendant; and (3) a letter written by the defendant to the victim explicitly, graphically and lewdly describing his sexual "fantasy" with the victim.

## PRETRIAL DIVERSION

In his first issue, defendant claims that the trial court erred in sustaining the district attorney's decision to deny pretrial diversion. He argues that he is a good candidate for pretrial diversion because of his lack of criminal record, good work history and excellent reputation in the community. He claims that the district attorney erroneously refused to consider his positive attributes and amenability to rehabilitation. Therefore, he asserts that the district attorney abused his discretion, and the trial court should have granted pretrial diversion.

### A.

We first note that defendant did not properly reserve a certified question of law for appeal as a condition of his guilty plea under Tenn. R. Crim. P. 37(b)(2)(iv). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), the Tennessee Supreme Court delineated certain prerequisites to considering the merits of a certified question of law:

> [T]he final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id. at 650. The appellant in Preston was reserving a certified question of law as part of a plea agreement pursuant to Tenn. R. Crim. P. 37(b)(2)(i), whereas in this case defendant entered an open plea of guilty and attempted to reserve a certified question of law under Tenn. R. Crim. P. 37(b)(2)(iv). However, the requirements of Preston apply for the consideration of a certified question of law reserved under Tenn. R. Crim. P. 37 (b)(2)(i) or (iv). Id.

In this case, the defendant has not complied with the requirements mandated

4

by Preston. The judgment forms dated April 9 and entered April 11 contain no statement of the dispositive certified question of law reserved by defendant. Nor do the judgments state that the trial court consented to the reservation of the certified question and agreed that the issue was dispositive of the case.

The order of the trial court stating that "the Defendant reserved the issue of the Court's denial of his application for pre-trial diversion" does not rectify this situation. The order was dated approximately twelve (12) days after the filing of notice of appeal and over thirty (30) days after the entry of the judgments of conviction. The trial court loses jurisdiction upon the filing of the notice of appeal and loses its power to amend the judgment. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). An order entered subsequent to the filing of notice of appeal will not serve to cure the defect of failing to properly reserve a certified question of law. Id. at 837-38.[3]

## B.

Nevertheless, we will address this issue in the interest of justice. The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3); *see also* State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993).

A prosecutor's decision to deny diversion is presumptively correct, and the trial court should only reverse that decision when the appellant establishes a patent or gross abuse of discretion. State v. Lutry, 938 S.W.2d 431, 434 (Tenn. Crim. App. 1996); Houston, 900 S.W.2d at 714. The record must be lacking in any substantial

---

[3] We note that the certified question of law must be "dispositive of the case" under Tenn. R. Crim. P. 37(b)(2)(iv). Generally, an issue is dispositive only when the appellate court must either affirm or reverse and dismiss. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). It is an unresolved issue whether remanding for entry of an order of pretrial diversion is "dispositive of the case." Pretrial diversion suspends prosecution for a specified period of time conditional upon the performance of certain conditions and may be subsequently terminated and prosecution resumed under certain circumstances. Tenn. Code Ann. § 40-15-105(a) and (d). Yet, we also recognize that recently adopted Tenn. R. Crim. P. 38 allows either an interlocutory appeal or appeal after final judgment from a denial of pretrial diversion. However, we need not decide whether the issue of pretrial diversion is "dispositive of the case" since the parties did not comply with the Preston requirements.

evidence to support the district attorney general's decision before an abuse of discretion can be found. State v. Pinkham, 955 S.W.2d at 960; State v. Carr, 861 S.W.2d at 856. The trial court may not substitute its judgment for that of the district attorney general when the decision of the district attorney general is supported by the evidence. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980).

Our review focuses on whether there is substantial evidence in the record to support the district attorney's refusal to divert. The underlying issue for determination on appeal is whether or not, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion. State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997).

In upholding the district attorney's decision to deny diversion, the trial court was concerned that defendant's "inappropriate behavior" with the victim occurred over a long period of time and found that defendant's abuse of his position of trust made this situation more egregious. We agree. According to the victim's statement relied upon by the district attorney, the defendant befriended the victim when she was a young girl. He actively pursued a romantic relationship with the victim, and they eventually engaged in sexual "touching." The victim's statement outlined numerous instances of inappropriate sexual behavior which culminated into two (2) instances of oral sex. This was not aberrant behavior on defendant's part, as the romantic relationship lasted approximately one (1) year. *Compare* State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (allowing pretrial diversion where defendant's offenses were characterized as "apparently aberrant").

Most importantly, defendant used his position as pastor to gain the victim's trust. The victim looked to defendant as her spiritual advisor and confidant, and he took advantage of her innocence.

Although we commend defendant's otherwise impeccable record and reputation, we find that his abuse of a position of trust and the duration of his conduct outweighs the factors favoring diversion. Accordingly, the trial court did not err in sustaining the prosecutor's decision to deny pretrial diversion.

This issue has no merit.

**SENTENCING**

In his last two issues, defendant claims that the trial court erred in denying judicial diversion and in imposing an unreasonable sentence. He argues that the trial court imposed an excessive sentence of eighteen (18) months. He further asserts that he is a favorable candidate for alternative sentencing, and the trial court erred in requiring that he serve his sentence in confinement. Finally, he contends that he is an excellent candidate for judicial diversion, and the trial court erred in denying judicial diversion.

**A. Sentencing Standard of Review**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); *see* Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

## B. Length of Sentence

Defendant contends that the sentence imposed by the trial court is excessive. He claims that he is entitled to the minimum one (1) year sentence because of his lack of prior record and excellent reputation in the community.

In determining the length of defendant's sentence, the trial court found that defendant had abused a position of private trust. Tenn. Code Ann. § 40-35-114(15). The court found that no statutory mitigating factors were applicable; however, the trial court found that defendant's otherwise exemplary life was a mitigating factor. Tenn. Code Ann. § 40-35-113(13). The trial court weighed the enhancement factor along with the mitigating factor and determined that a sentence of eighteen (18) months was appropriate.

Under our *de novo* review, we also note that this offense was committed to gratify the defendant's desire for pleasure or excitement. Tenn. Code Ann. § 40-35-114(7). From a reading of the victim's statement and the various letters written by the defendant to the victim, it is apparent that this factor should apply. *See* State v. Walton, 958 S.W.2d 724, 730 (Tenn. 1997) (upholding the application of this factor when defendant was convicted of aggravated rape and incest); *see also* State v. Roy David McCarter, C.C.A. No. 03C01-9402-CR-00050, Blount County (Tenn. Crim. App. filed July 14, 1994, at Knoxville), *perm. to app. dismissed* (Tenn. November 28, 1994) (finding that Tenn. Code Ann. § 40-35-114(7) was applicable even though defendant convicted of statutory rape).

Although defendant complains that he is entitled to the minimum sentence because of "his being a good and productive citizen," the trial court considered this as a mitigating factor. However, the trial court concluded that the abuse of private trust outweighed that mitigating factor. The trial court has the discretion to determine the particular weight to be given enhancement and mitigating factors.

8

*See* State v. Moss, 727 S.W.2d at 238. The trial court enhanced the defendant's sentence to eighteen (18) months, six (6) months above the minimum for a Range I, standard offender. Defendant has not met his burden of showing that the sentence imposed by the trial court was improper. *See* Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

This issue is without merit.

## C. Alternative Sentencing

Defendant also claims that he is presumed to be a favorable candidate for alternative sentencing, and the trial court erred in imposing a sentence to be served in imprisonment. Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d

9

435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d at 305. In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d at 235.

In determining that defendant's sentence should be served in incarceration, the trial court once again noted the defendant's lack of prior criminal history and admirable work and social history. However, the trial court found that the nature of the offense outweighed defendant's commendable attributes. The trial court also focused on the abuse of defendant's position of trust, stating, "it is that because of [defendant's] position, his position of private trust, he was able to continue and foster this illegal activity for over two years." The trial court found that allowing defendant to serve his sentence on probation would depreciate the seriousness of the offense. Therefore, the trial court sentenced defendant to eighteen (18) months confinement.

Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995); State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. State v. Hartley, 818 S.W.2d at 374-75.

We agree with the trial court that the nature of the offenses committed

10

outweigh all other factors in favor of alternative sentencing. The defendant initiated a relationship with a juvenile member of his congregation. The relationship progressed and continued over an extended period of time, even though the instances of sexual penetration occurred within a short period of time. In the course of this relationship, defendant wrote many letters to the victim, including one which described an explicit and graphic sexual "fantasy" about the victim. We conclude that the offenses committed were especially shocking and reprehensible to justify the denial of probation.

Furthermore, defendant abused his position of trust as a pastor. Tenn. Code Ann. § 40-35-114(15). In addition, these offenses were committed to gratify defendant's desire for pleasure or excitement. Tenn. Code Ann. § 40-35-114(7). These enhancement factors are relevant in determining whether an alternative sentence is appropriate. Tenn. Code Ann. § 40-35-210(b)(5).

We, therefore, hold that the trial court did not err in failing to grant an alternative sentence.[4]

This issue is without merit.

### D. Judicial Diversion

Defendant also contends that the trial court abused its discretion in denying judicial diversion. When a defendant contends that the trial court committed error in refusing to impose a sentence pursuant to Tenn. Code Ann. § 40-35-313, commonly referred to as "judicial diversion," this Court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992); State v. George, 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court, not the prosecutor. State v. Anderson, 857

---

[4] Since the defendant received a sentence of less than two (2) years, the remainder of his sentence will be suspended upon his reaching his release eligibility date. *See* Tenn. Code Ann. § 40-35-501(a)(3). The district attorney may petition the trial court for denial of the suspension only under certain circumstances. Tenn. Code Ann. § 40-35-501(a)(6)(A).

S.W.2d at 572.

The criteria that must be considered in determining whether an eligible accused should be granted judicial diversion include: (a) the defendant's amenability to correction; (b) the circumstances of the offense; (c) the defendant's criminal record; (d) the defendant's social history; (e) the defendant's physical and mental health; and (f) the deterrence value to the defendant as well as to others. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as the defendant. Id.

The trial court denied judicial diversion on the same grounds as its denial of alternative sentencing, namely the nature of the offense in light of (1) the length of time during which the improper conduct occurred and (2) the defendant's abuse of a position of private trust. We conclude that the record fully supports the trial court's decision to deny judicial diversion.

This issue has no merit.

### CONCLUSION

We find that the trial court properly upheld the district attorney's decision to deny pretrial diversion. We further find that the sentence imposed by the trial court is appropriate under the facts of this case. Accordingly, the judgment of the trial court is affirmed.

**JOE G. RILEY, JUDGE**

**CONCUR:**

12

_____
**JOSEPH M. TIPTON, JUDGE**


13


_____
**CURWOOD WITT, JUDGE**