NUMBER 13-99-00804-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


WANDA L. McCORMICK , Appellant,


v.


MARIA ELENA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR

DAUGHTER, JESSICA LEE RAMIREZ , Appellee.

___________________________________________________________________


On appeal from the 275th District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Castillo, and Cantu (1)

Opinion by Justice Castillo



A jury found appellant, Wanda L. McCormick, liable for damages arising out of a traffic accident with appellees, Maria
Elena Ramirez and Jessica Lee Ramirez. From this judgment, McCormick appeals, alleging error in the jury selection,
error in the admittance of certain deposition testimony, charge error, and insufficiency of the evidence to support certain
damages. We affirm the judgment. 

Background

Appellees were driving south on 10th Street in McAllen approaching State Highway 83 when a vehicle suddenly cut in front
of the vehicle in front of them, which immediately braked to avoid hitting the intervening vehicle. Appellees then braked
so as not to hit the vehicle in front of them. Appellant, who was traveling close behind appellees, then struck the rear of
appellee's vehicle. Appellant was cited by the police as being at fault for following too closely. The jury found appellant
liable for the accident and awarded actual damages, including loss of past and future earning capacity for Maria Elena
Ramirez.

Discussion

The Batson/Edmonson claim


Appellant's first complaint is that the trial court abused its discretion in not determining that the appellees exercised racially
motivated peremptory strikes in jury selection in violation of Batson v. Kentucky, 476 U.S. 79 (1986) and Edmonson v.
Leesville Concrete Co., 500 U.S. 614 (1991). The United States Supreme Court and the Texas Supreme Court have both
found that racial motivative strikes are violative of the rights of the excluded juror. Edmonson v. Leesville Concrete Co.,
500 U.S. 614 (1991); Powers v. Palacios, 813 S.W.2d 489 (Tex. 1991). 

The procedure for resolving an Edmonson objection by a trial court in a civil case is well established in Texas. First, the
party who opposes the peremptory strike must establish a prima facie case of racial discrimination. Second, the party who
has exercised the strike must come forward with a race-neutral explanation. Third, the trial court must determine whether
the opponent of the strike has proven purposeful racial discrimination. Goode v. Shoukfeh, 943 S.W.2d 411, 445-46 (Tex.
1996). The opponent of the strike has the opportunity, and the burden, to demonstrate that the facially-neutral explanations
offered are mere pretexts for purposeful racial discrimination. Id. at 446, 452. We review the trial court's decisions under an
abuse of discretion standard unless the explanation for striking a juror is "simply too incredible to be accepted." Id. at 446.

In the instant case, appellant specifically complains of appellees' strikes against six jurors which appellant characterizes as
belonging to a particular racial class because they all had "Anglo surnames." Appellees respond that mere possession of a
certain surname does not conclusively establish membership in a particular racial class. However, we need not reach the
question of whether proof of an "Anglo-surname" alone constitutes sufficient evidence to identify a racial group in the
context of an Edmonson challenge as appellees' voluntarily provided explanations for the peremptory strikes and the trial
court made a determination that no discrimination occurred. Once a party offers a race-neutral explanation for a peremptory
challenge and the trial court rules on the ultimate issue of intentional discrimination, the preliminary issue of a prima facie
case is moot. Id. at 445.

We therefore turn to the issue of whether facially race-neutral reasons were provided by appellees as to the six challenged
jurors of which appellant complains. 

At a hearing on the challenged strikes, appellees offered the following explanations for the respective jurors though the
testimony of appellees' counsel, Mr. Orendain: 

Juror Bradley - was quiet, too readily responded that she could award zero damages, was retired, and seemed disinterested.

Juror Taylor - appeared inattentive, had body language that indicated she did not want to be there and was working in
physical work as a phone installer at the age of sixty, appeared physically tough and might have been hard on the plaintiff
who was younger and was claiming had to quit her job due to injuries.

Juror Hayen - was ready to accept defendant's argument that the third vehicle was at fault.

Juror Garrett - had a wife that had suffered serious injury, had been put off by the subsequent trial processes and thought
it a bad experience, and was unhappy with the legal system and the trial process.

Juror Nittler - had lied, was the person whose case started Citizens Against Lawsuit Abuse, had a bad taste about lawsuits,
and was argumentative.

Juror Ziemski - said there were too many lawsuits, said that every lawsuit against his company was frivolous, and was
argumentative and sarcastic.

Appellant did not cross-examine Mr. Orendain.

Reviewing the record before us, we cannot find that the trial court erred in finding that proffered explanations were facially
race-neutral. The Texas Supreme Court has held that at this second stage, the explanations may be "silly or superstitious"
and need not be either persuasive or even plausible, so long as they are facially race-neutral. Goode, 943 S.W.2d at 445,
citing Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 1771 (1995). Body language, disinterestedness, sympathy with the
defendant's view of the case, bad disposition toward plaintiff's attorneys and dissatisfaction with the legal system are all
facially neutral explanations.

Appellant makes much of the fact that appellees did not directly question Bradley and Taylor in individual voir dire. 
Failure to individually question a potential juror is not per sedefinitive evidence of discriminatory intent. See Goode, 943
S.W.2d at 447. Appellant also argues that there is nothing in the record to demonstrate that Taylor had ever stated that she
previously had been in an accident as alleged in appellee's brief or to show that Bradley made any oral responses at all. It is
unclear from the record whether Taylor indicated she had been in an accident or whether that testimony was from juror
Pena. There appears to be only one verbal response from Bradley. On the whole, however, considering the information on
the juror cards introduced by appellants, we find sufficient evidence in the record to support the trial court's decision. 

Having determined that facially race-neutral reasons were provided by appellees, we must next examine whether appellant
met his burden to prove that the appellees' explanations were a mere pretext for discrimination. Goode, 943 S.W.2d at 445,
452 (party challenging the peremptory strikes has the ultimate burden of persuasion); Molina v. Pigott, 929 S.W.2d 538,
545 (Tex. App. -- Corpus Christi, writ denied)(burden shifts back to complainant to prove by a preponderance of the
evidence that opponent's explanations were pretexts for discrimination). Other than the juror cards themselves, the record
does not reflect any offer of evidence to the trial court or cross-examination by appellant to counter the facially race-neutral
explanations offered by appellees. It is within the trial court's discretion to determine whether the peremptory challenges
were exercised for the facially race-neutral reasons stated or whether such reasons were a mere pretext for actual
discriminatory intent. The trial court's factual determination about the credibility of the explanations may not be disturbed
by a reviewing court unless there is an abuse of discretion, and a court of appeals will not reweigh the evidence and reach
any different conclusion from that of a trial court unless the proffered explanation is too incredible to believe. Goode, 943
S.W.2d at 448. We do not find the explanations incredible. We find that the trial court did not abuse its discretion in not
finding an Edmonson violation and overrule appellant's first point of error.

Evidentiary objection

Appellant's second issue goes to the trial court's overruling an objection to the admittance of the videotaped deposition
testimony of Officer Alberto Mata. Appellant specifically complains on appeal that Officer Mata was never qualified as an
accident re-constructionist and therefore unqualified as an expert to make the following statement: "the reason I put
[appellant] at fault is because she rear-ended or ran into Ms. Ramirez's vehicle."

At trial, however, appellant did not complain specifically of this statement, nor ask for it to be struck. Rather, appellant
made a general objection to "Officer Mata's testimony insofar as it calls for testimony regarding fault...or causation or any
matters relating to reconstruction" on the basis that Mata was not qualified to render such opinions. Appellant never
pointed to a particular answer or series of questions or actions which she found objectionable. The majority of Mata's
testimony dealt with his observations as the officer called to the scene and was thus admissible. A party which objects to
the admittance of certain evidence, whether oral or documentary, contained within other evidence, must specifically point
out the portion of the evidence objected to. Brown & Root, Inc. v. Haddad, 180 S.W.2d 339, 341 (Tex. 1944). A general
objection to the evidence as a whole is properly overruled if any portion to the evidence is admissible. Id. This rule of
specificity is particularly important when evidence is admissible in part so that the trial court can strike the objectionable
portion. Celotex Corp. v. Tate, 797 S.W.2d 197, 206 (Tex. App. - Corpus Christi 1990, writ dism'd).

Further, the testimony in question clearly related to the officer's reasons for citing appellant as the party at fault in his
report. Not surprisingly, then, substantially the same information - Officer Mata's assigning of fault to appellant for the
accident for following too closely - is contained in his police report. That report was admitted into evidence without
objection from appellant. It is well settled that any error from the admission of certain evidence is rendered harmless where
the same or similar evidence is later admitted without objection. Richardson v. Green, 677 S.W.2d 497, 501 (Tex. 1984); 
Celotex, 797 S.W.2d at 201. Thus, even if there had been error in the admittance of Mata's testimony, it was waived when
appellant failed to object to the introduction of the police report.

We are aware of the apparent contradiction between the rule followed by this Court in Atkinson Gas Co. v. Albrecht, 878
S.W.2d 236, 242-43 (Tex. App. - Corpus Christi 1994, writ denied)(if a party makes a proper objection to the introduction
of certain testimony by a witness and is overruled, he is entitled to assume the court will make the same ruling as to other
offers of the same or similar evidence and so need not renew the objection) and the general principle of Richardson. See
Correa v. GMC, 948 S.W.2d 515, 518-19 (Tex. App. - Corpus Christi 1997, no pet.) In the instant case, the record does not
support the argument that appellant believed that her prior objection would apply to the new evidence or that she presumed
that the trial court would overrule any objection she might make to it. Either scenario might have been assumed if she had
remained silent. Instead, her counsel actively acquiesced to the admission of the report, stating, "I have no objection to it"
and thus affirmatively and expressly waived any error as to the admission of the information contained therein. 

Appellant also complains under this point of the admittance of the police report of Alberto Mata. As stated above, no
objection was made to this evidence and hence this issue is not preserved for appeal. Tex. R. App. P. 33.1(a)(1). 

Appellant's second issue is overruled.

The "emergency" instruction

Appellant's third complaint is that the trial court denied his request for a jury instruction on "emergency". Appellant
requested the following instruction:



"Emergency" when if a person is confronted by an "emergency" arising

suddenly and unexpectedly, which was not proximately caused by any

negligence on his part and, which, to a reasonable person, requires 

immediate action without time for deliberation, his conduct in such

an emergency is not negligence or failure to use ordinary care if, 

after such emergency arises, he acts as a person of ordinary prudence

would have acted under the same or similar circumstances.



The trial court denied the requested instruction. On appeal, appellant contends this was an abuse of discretion as she was
entitled to the instruction under the facts of this case, citing for support Yarborough v. Berner, 467 S.W.2d 188 (Tex.
1971). Appellees respond that the facts of this case do not meet the definition of sudden emergency and direct us to the
decision of this court in DeLeon v. Pickens, 933 S.W.2d 286 (Tex. App. - Corpus Christi 1996, writ denied), and those of
our sister courts in Priest v. Myers, 598 S.W.2d 359 (Tex. Civ. App. - Houston 1980, no writ), Deviney v. McLendon, 496
S.W.2d 161 (Tex. Civ. App. - Beaumont 1973, writ ref'd n.r.e.), and Jordan v. Shields, 674 S.W.2d 464 (Tex. App. -
Beaumont 1984, no writ).

The submission or denial of a requested instruction is within the discretion of the trial court. Louisiana Pacific Corp. v.
Knighten, 976 S.W.2d 674, 676 (Tex. 1998). If a doctrine has been pled, and there is some evidence to support its
application, the trial court has a duty to properly instruct the jury on the issue so as to enable the jury to render a verdict. 
DeLeon, 933 S.W.2d at 290. On appeal, the reviewing court must examine the pleadings, evidence, and jury charge to
determine whether there has been an abuse of discretion. Id. Any error in regard to a particular requested instruction,
however, will not be deemed reversible unless, in light of the entire record, it was reasonably calculated to and probably did
cause the rendition of an improper verdict. Tex. R. App. P. 44.1(a)(1); Knighten, 976 S.W.2d at 676;Oldham v. Thomas,
864 S.W.2d 121, 127 (Tex. App. - Houston [14th] 1993), aff'd in part, rev'd in part on other grounds, 895 S.W.2d 352
(Tex. 1995).

In order for an instruction for sudden emergency to be proper, the evidence must demonstrate that: 

1) the condition must have arisen suddenly; 

2) it must have arisen unexpectedly; 

3) it must have not been proximately caused by the negligent act or

omission of the person whose conduct is being inquired about;

4) the conduct which would constitute negligence under ordinary circumstances must have occurred after the
emergency arose without giving the person time to deliberate.

Oldham, 864 S.W.2d at 126, citing Mid-Tex Dev. Co. v. McJunkin, 369 S.W.2d 788, 792 (Tex. Civ. App. - Dallas 1963, no
writ). In reference to the last two requirements, if the person requesting the instruction was negligent before the emergency
arose, the doctrine is not applicable because it cannot be used by a person whose negligence helped cause the situation. Id.,
citingHigginbotham v. Ritchie, 367 S.W.2d 210, 212 (Tex. Civ. App. - Fort Worth 1963, no writ). 

"Sudden emergency" is a doctrine whose purpose is to excuse conduct which would otherwise be negligence. Yarborough,
467 S.W.2d at 191. Accordingly, the "sudden emergency" doctrine does not arise unless there is some conduct which would
ordinarily be considered negligent on the part of the person invoking the doctrine. Higginbotham, 372 S.W.2d at 212. 
However, for the rule to apply, this conduct must follow the emergency, not precede it as it cannot be a proximate cause of
the situation. Id. In the case of a collision, if prior to the time the claimed sudden emergency arose the person requesting
the instruction was guilty of negligence that proximately caused the collision, the sudden emergency doctrine does not
apply. Id.; Wilson v. Whitcher, 477 S.W.2d 344, 346 (Tex. Civ. App. - Fort Worth 1972, writ ref'd n.r.e.). 

There have been a number of cases which have considered the application of the sudden emergency doctrine to "rear-end"
collision cases. The sudden emergency doctrine has been held not to apply in cases where a defendant failed to keep a
proper lookout or failed to maintain a proper distance between himself and the preceding vehicle. Higginbotham, 367
S.W.2d at 212 (failed to keep proper lookout); Deviney, 496 S.W.2d at 166-67 (failed to keep proper lookout); Priest, 598
S.W.2d at 362-63 (failed to maintain proper distance); Jordan, 674 S.W.2d at 469 (failed to keep proper lookout, apply
brakes, and stop at red light). Generally speaking, where evidence discloses only negligent acts of parties, rather than some
act of nature as a factor, it is error for the instruction to be given. See Jordan, 674 S.W.2d at 469. Cf.Knighton, 976 S.W.2d
at 676 (where accident during rain and roads were slick, no harm in submission of sudden emergency doctrine); Francis v.
Cogdell, 803 S.W.2d 868, 871(Tex. App. - Houston [1st Dist.] 1991, no writ) (collision during morning rush hour when it
had been raining and roads were slick);Crowley v. Babolcsay, 611 S.W.2d 492, 494 (Tex. Civ. App. - Austin 1981, writ
ref'd n.r.e.)(head-on collision where defendant drove on wrong side of the road to avoid stopped vehicle in rain on "blind"
hill.) 

This Court has also previously held that the sudden emergency doctrine is not applicable where the defendant is deemed
negligent for failing to maintain a proper distance from the preceding vehicle or failing to keep a proper lookout as, in such
situations, the "alleged 'emergency' is created by the defendant's conduct which occurred before the emergency arises rather
than after." DeLeon, 933 S.W.2d at 294. In other words, if a defendant engages in negligent conduct before an
"emergency" arises, he cannot be excused from his liability for harm resulting from the consequences of that prior negligent
conduct during or after the "emergency". Even if an emergency arises, if the negligence complained of occurred prior to the
emergency, then the sudden emergency doctrine does not apply. Borrego v. City of El Paso, 964 S.W.2d 954, 959 (Tex.
App. - El Paso 1998, pet. denied)(sudden emergency doctrine did not apply where there was negligence by emergency
medical service personnel in immobilizing plaintiff in the middle of the road after an accident and such negligence occurred
prior to the emergency created when a car later spun wildly into the accident scene, striking the immobilized plaintiff, who
was abandoned in the street by the fleeing EMS personnel.) 

We note that in the present case the chain of events leading to the accident began when a car switched lanes in front of the
car in front of appellees. The car in front of appellees braked and successfully avoided hitting the car entering its lane;
appellees braked and successfully avoided hitting the braking car before them; but appellant was unable to avoid hitting
appellees. Texas Transportation Code section 545.062 requires that an operator following another vehicle maintain "an
assured clear distance between the two vehicles so that considering the speed of the vehicles, traffic and condition of the
highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or
person on or near the highway." Tex. Trans. Code §545.062 (Vernon 1999). The negligence of appellant in following
appellees too closely occurred prior to, rather than being a result of, the sudden braking by appellees caused by the stopping
of the vehicle in front of them. The sudden emergency doctrine was therefore inapplicable and the trial court did not err in
refusing to give this instruction. Appellant's third issue is overruled.

Sufficiency of the evidence on damages

In her final point of error, appellant claims that the evidence to demonstrate appellee Maria Ramirez's damages for loss of
past and future earning capacity "was insufficient to support the jury's answer." Appellant does not specify whether she is
challenging the legal or the factual sufficiency of the evidence and has provided no cases on the proposed standard of
review from which we might glean her intentions. However, in light of her repeated assertions that there was "no evidence" 
and her ancillary complaint - contained in the body of her argument - that the trial court erred in even submitting the issue
to the jury, (2) we will treat this issue as a challenge to the legal sufficiency of the evidence, reviewable under a "no
evidence" standard.

In reviewing a challenge to the legal sufficiency of evidence, we must consider all of the record evidence in the light most
favorable to the party in whose favor the jury entered a verdict and indulge every reasonable inference deducible from that
evidence in favor of that party. Hines v. Commission for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App. - Corpus
Christi 2000, no writ), citing Formosa Plastics v. Presidio Eng'rs, 960 S.W.2d 41, 48 (Tex. 1998). We further stated

A legal sufficiency point must and may only be sustained when the record discloses: (1) a complete lack of evidence of a
vital fact; (2) the court is bound by rules of law or of evidence from giving weight to the only evidence offered to prove a
vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; and (4) the evidence established
conclusively the opposite of the vital fact. If there is more than a scintilla of evidence to support the finding, the legal
sufficiency challenge fails.

Hines, 28 S.W.3d at 701(Citations omitted).

In the instant case, appellant attacks only the jury findings on loss of earning capacity. While the amount of damages to be
awarded for loss of earning capacity is left largely to the sound judgment and discretion of the jury, a plaintiff must
introduce evidence from which a jury may reasonably measure, in monetary terms, his earning capacity. Bonney v. San
Antonio Transit Co., 325 S.W.2d 117, 121 (Tex. 1959). It is not necessary that there be proof of life expectancy for an
award to be given on loss of future earning capacity, Borden, Inc. v. Guerra, 860 S.W.2d 515, 524 (Tex. App. - Corpus
Christi 1993, writ dism'd by agr.), nor is it necessary to show a definite time during which future earning capacity would be
impaired. Members Mut. Ins. Co. v. Martin, 504 S.W.2d 603, 605 (Tex. Civ. App. - Dallas 1974, no writ). It is likewise not
necessary that a plaintiff be actually employed at the time of her injuries. McIver v. Gloria, 169 S.W.2d 710, 713 (Tex.
1943).

Appellant in the instant case complains that there was no evidence to support the award to Maria Ramirez of $4000.00 in
damages for loss of past earning capacity and $4000.00 in damages for loss of future earning capacity. (3) She also refers us
to Border Apparel-East, Inc. v. Guardian, 868 S.W.2d 894 (Tex. App. - El Paso 1993, no writ). We find Border
Apparel-East distinguishable. The court in Border Apparel-East, firstly, was conducting a factual sufficiency review and so
the standards governing the analysis of the facts in that case differ from those faced by this Court in the present case. 
Secondly, unlike the plaintiff in Border Apparel-East, appellee Maria Ramirez in the current case provided evidence of
some pre-injury wages and work hours from which the jury might calculate damages. Appellee Maria Ramirez also testified
to a definitive period of time in which she had not been working due to pain prior to trial, namely, six months. There was
also testimony about possible post-trial surgery that could reduce her disability and thus return her to work.

We find that there is more than a scintilla of evidence to support the jury's finding on loss of past earning capacity and
future earning capacity and so the evidence was legally sufficient. (4) As there was some evidence, the trial court did not err
in submitting the issue to the jury. Appellant's fourth issue is overruled.

Conclusion

Having overruled all of appellant's issues, we affirm the judgment.



ERRLINDA CASTILLO

Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 12th day of July, 2001.

1. Senior Justice Antonio G. Cantu assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. While not contained in the recitation of the point of error itself, appellant makes an argument that the trial court erred in
allowing the issue to be submitted to the jury. Appellant states that she made a proper objection to the court's submission
of these elements of damages which objection was overruled. Appellant predicated her complaint on there being no
competent evidence as to these issues. Appellant correctly stated the standard under which the trial court was to review the
objection as a trial court may only decline to submit a relevant issue if there is no evidence to support it. Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). An "[o]bjection to the court's charge may never be based upon the
evidence being factually insufficient to support it." Wal-Mart v. Deggs, 971 S.W.2d 72, 80 (Tex. App. - Beaumont 1996),
rev'd on other grounds, 968 S.W.2d 354 (Tex. 1998). Even though Texas Rule of Civil Procedure 279 provides that "[a]
claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the
first time after verdict...", this language has been held not to allow an objection to the submission of an issue on the basis of
factual insufficiency. Smith v. Christley, 755 S.W.2d 525, 528-29 (Tex. App. - Houston [14th] 1988, writ denied)
(discussing legislative history and commentaries on same). We have adopted this view. Tio Mario, Inc. v. Matos, 778
S.W.2d 529, 531 (Tex. App. - Corpus Christi 1989, writ denied). Accordingly, a challenge to the submission of an issue
may only be made on "no-evidence" grounds. We will therefore review this complaint concurrently with appellant's
general "insufficiency" complaint which we have construed as a challenge to the legal sufficiency of the evidence which
utilizes the same "no-evidence" standard.

3. In closing arguments, appellees' counsel asked for compensation for lost earning capacity at minimum wage for the six
months prior to trial that Maria Ramirez had not worked and six months after trial during which she would be recovering
from surgery.

4. We note that we would reach the same result under a factual sufficiency review. Under that standard, we are required to
review all the evidence and may not set aside the verdict unless the finding is so against the great weight and preponderance
of the evidence so as to be clearly wrong and unjust. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex.
1998),cert. denied, 525 U.S. 1017 (1998). After reviewing the record, we refuse to so find.