IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 19, 2021

**PATRICK L. MOORE v. RUSSELL WASHBURN, WARDEN**

**Appeal from the Criminal Court for Trousdale County**
**Nos. 2020-CV-4817, 2020-CV-4837        Brody N. Kane, Judge**

_____

**No. M2020-00471-CCA-R3-HC**

_____

Patrick L. Moore, Petitioner, appeals from the dismissal of two petitions for habeas corpus relief which were consolidated by this Court on appeal. After a thorough review, we affirm the dismissal of the petitions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Patrick L. Moore, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward and Katherine C. Redding, Assistant Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In October of 2017, the Madison County Grand Jury returned a two-count indictment charging Petitioner with one count of kidnapping and one count of aggravated assault. Barely one month later, the grand jury returned a second indictment elevating the kidnapping charge to aggravated kidnapping. As a result of the second indictment, the State sought an order of nolle prosequi to dismiss the first indictment. The trial court granted the State's request and the first indictment was appropriately dismissed.

Petitioner pled guilty to the charges as stated in the superseding indictment. As a result of the guilty plea, Petitioner was sentenced to an effective sentence of eight years.

In January of 2020, Petitioner sought habeas corpus relief in case number 2020-CV-4817. In the petition, he attacked his convictions for both aggravated kidnapping and aggravated assault by arguing that his rights against double jeopardy were violated when the State obtained a superseding indictment. The State filed a motion to dismiss the petition on the grounds that it failed to state a claim that was cognizable for habeas corpus relief. The habeas corpus court granted the motion to dismiss without a hearing on January 26, 2020. Petitioner filed a timely notice of appeal.

In May of 2020, Petitioner filed a second petition for habeas relief, in case number 2020-CV-4837. In this petition, Petitioner again challenged his 2018 guilty plea to aggravated kidnapping and aggravated assault. Petitioner argued that he was entitled to habeas corpus relief on the basis that the State failed to comply with Rule 48(a) of the Federal Rules of Criminal Procedure because the State did not obtain "leave of court" before dismissing the initial indictment. Petitioner also complained that the trial court failed to require the State to provide "adequate reasons" for the dismissal of the indictment. As a result of these perceived errors, Petitioner claimed that his convictions were void. The State filed a motion to dismiss the petition, arguing that the second indictment was properly secured and that the judgments finding Petitioner guilty of the crimes were facially valid. The habeas corpus court again entered an order dismissing the petition for habeas relief. Petitioner again filed a timely notice of appeal. After both appeals reached this Court, we consolidated both appeals for judicial economy.

*Analysis*

On appeal, Petitioner contends that the trial court erred by dismissing his petitions for habeas corpus relief. Specifically, he argues that the trial court violated Tennessee Rule of Criminal Procedure 48(a) and erred by allowing the State to seek a superseding indictment. Further, he fancies that his right to double jeopardy was violated when the State obtained a second indictment. The State insists that the trial court properly dismissed the petitions.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id*.; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d

251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*.

The petitioner bears the burden of showing, by a preponderance of the evidence, that the judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that the conviction contained therein is illegal, it may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109. Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

Petitioner's initial challenge was that his double jeopardy rights were violated when the State sought a superseding indictment. Even if Petitioner's allegation were true, it would not render his convictions void and would not entitle him to habeas corpus relief. *See Odell Wisdom v. Randy Lee*, No. E2016-01737-CCA-R3-HC, 2017 WL 991910, at *3 (Tenn. Crim. App. Mar. 14, 2017), *no perm. app. filed* (citing multiple cases for the same proposition).

In the second petition for habeas relief, Petitioner argued that trial court failed to require the State to obtain "leave of court" prior to dismissing the original indictment. Petitioner cited Federal Rule of Criminal Procedure 48(a) to support his argument. The rule, identical to Tennessee's companion rule 48(a), directs that, "[w]ith the court's permission, the State may terminate a prosecution by filing a dismissal of an indictment, . . . ." Tenn. R. Crim. P. 48(a); *see also State v. Landers*, 723 S.W.2d 950, 953 (Tenn. 1987) (comparing Tennessee Rule with Federal Rule), *overruled on other grounds* by *State v. Layman*, 214 S.W.3d 442 (Tenn. 2007). Here, the State submitted an order to the trial court seeking nolle prosequi of the original indictment. The submission of an order to a trial court for approval is the equivalent of seeking "leave" of the court. The trial court properly determined that Petitioner is not entitled to habeas corpus relief on this issue.

Moreover, Petitioner is not entitled to habeas relief on the basis that the State was without reason to dismiss the original indictment. A trial court has limited control over the prosecutor's power to dismiss an indictment. Tenn. R. Crim. P. 48(a); *State v. Harris*, 33 S.W.3d 767, 770 (Tenn. 2000) (noting that the "exercise of [a prosecutor's] discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest"). Petitioner has pointed to nothing that would

suggest the original indictment was dismissed in a manner that was contrary to manifest public interest. Petitioner is not entitled to relief on this issue.

*Conclusion*

Petitioner has failed to establish that he is entitled to habeas relief or that the habeas corpus court improperly dismissed the petitions. The judgments of the habeas corpus court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE